UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHAEL KENNEDY

                Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER ANTHONY CARREIRA, Shield No. 20533, SERGEANT DENNIS LANE, POLICE OFFICER HELD, Shield No. 2103, POLICE OFFICER KULKA, LIEUTENANT LAMANTIA, POLICE OFFICER CORDINER, Shield No. 13774 and POLICE OFFICERS JOHN DOES #1-8 (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department),

                Defendants.

------------------------------------------------------------------------X

**11 CV 1451**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully operating a motor vehicle in the vicinity of McDonald Avenue and Elmwood Avenue, Brooklyn, New York, was subject to an improper car stop and was unlawfully searched and arrested by New York City police officers. Plaintiff was deprived of his constitutional rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable search, arrest, and prosecution of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

**PARTIES**

4. Plaintiff Michael Kennedy is a citizen of the United States and a resident of the Brooklyn, City and State of New York.

5. New York City Police Officer Anthony Carreira is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

6. Police Officer Anthony Carreira is being sued in his individual capacity and official capacity.

7. Sergeant Dennis Lane is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

8. Sergeant Dennis Lane is being sued in his individual capacity and official capacity.

9. Police Officer Held is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

10. Police Officer Held is being sued in his individual capacity and official capacity.

11. Police Officer Kulka is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

12. Police Officer Kulka is being sued in his individual capacity and official capacity.

13. Lieutenant Lamantia is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

14. Lieutenant Lamantia is being sued in his individual capacity and official capacity.

15. Police Officer Cordina is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

16. Police Officer Cordina is being sued in his individual capacity and official capacity.

17. New York City Police Officers John Doe #1-8 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

18. Police Officers John Doe #1-8 are being sued in their individual capacity and official capacity.

19. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

20. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

21. On March 26, 2008 at approximately 4:00 a.m., plaintiff Michael Kennedy, was lawfully operating a motor vehicle in the vicinity of McDonald Avenue and Elmwood Avenue, Brooklyn, New York.

22. As plaintiff Michael Kennedy approached the intersection of McDonald Avenue and Elmwood Avenue, Brooklyn, New York, plaintiff's vehicle was pulled over by the individual defendant Police Officers despite the fact that the individual defendant Police Officers did not observe plaintiff violate any law.

23. Plaintiff Michael Kennedy was asked by the individual defendant Police Officers for his license and registration, and plaintiff Michael Kennedy fully complied.

24. The individual defendant Police Officers then ordered plaintiff Michael Kennedy to get out of the vehicle.

25. The individual defendant Police Officers patted plaintiff down and searched plaintiff's person.

26. Plaintiff was then handcuffed and arrested for Driving While Intoxicated by the individual defendant Police Officers.

27. The individual defendant Police Officers arrested plaintiff Michael Kennedy without probable cause.

28. The individual defendant Police Officers observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the unjustifiable arrest of plaintiff.

29. The individual defendant Police Officers searched plaintiff Michael Kennedy without probable cause.

30. The individual defendant Police Officers transported plaintiff Michael Kennedy to the 66th precinct for arrest processing.

31. Upon arrival at the 66th precinct plaintiff Michael Kennedy was photographed, fingerprinted, and placed in a holding cell.

32. While at the 66th precinct, the individual defendant Police Officers falsely communicated to the Kings County District Attorney's Office that plaintiff was Driving While Intoxicated.

33. Thereafter, plaintiff was transported to the 78th precinct.

34. After many hours, plaintiff was transported to Brooklyn Central Booking.

35. On March 26, 2008, after approximately 20 hours in police custody, plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

36. Defendants initiated the prosecution against plaintiff by telling lies to the prosecutor.

37. All charges against plaintiff were dismissed on or about March 31, 2011.

38. The false arrest, false imprisonment, and malicious prosecution of plaintiff by the individual defendant Police Officers caused plaintiff to sustain psychological and emotional trauma, as well as caused plaintiff miss out on many job opportunities, as his motor vehicle, which plaintiff needs to perform his job duties, was seized by the individual defendant Police Officers.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

39. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. The individual defendant Police Officers who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned and criminally prosecuted without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. The acts and conduct of the defendants constitute false arrest and false imprisonment under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

43. The individual defendant Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

44. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

46. Defendants commenced and continued a criminal proceeding against plaintiff.

47. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

48. The prosecution and criminal proceedings terminated favorably to plaintiff.

49. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

50. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

51. The City and the New York City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

52. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

55. Defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

57. The individual defendant Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## FIFTH CAUSE OF ACTION

**Negligent Hiring, Retention, Training and Supervision**

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of their job duties.

60. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SIXTH CAUSE OF ACTION**

**Negligence**

61. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein.

62. Defendants owed a duty of care to plaintiff.

63. Defendants breached that duty of care by maliciously prosecuting plaintiff.

64. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

65. All of the foregoing occurred without any fault or provocation by plaintiff.

66. The City of New York, as the employer of the individually named defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

67. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SEVENTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

68. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 67 with the same force and effect as if more fully set forth at length herein.

69. By the actions described herein, the individually named defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized

community, which negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injuries and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

71. The City of New York, as the employer of the individually named defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

72. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. The above-described conduct of the individually named defendants was outrageous, atrocious so extreme in degree to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.

75. The individually named defendants' conduct was intentional, wanton and reckless and was done with a total disregard of the risks to plaintiff's health and safety.

76. As a direct and proximate result of the acts alleged above, plaintiff suffered severe emotional distress, humiliation, mental anguish, and physical distress.

77. The acts of the individually named defendants alleged above were willful, wanton, flagrant, malicious, oppressive, and performed with a total disregard for plaintiff's health safety and welfare, and justify the award of punitive damages.

## NINTH CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983

78. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 77 with the same force and effect as if more fully set forth at length herein.

79. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

80. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to policies, customs and practices wherein New York City Police Officers arrest individuals without probable cause and create false versions of events to justify their actions.

81. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiffs' constitutional rights as described herein.  As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

84. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and prosecuted.

85. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

86. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

- 10 -

**PRAYER FOR RELIEF**

    **WHEREFORE**, plaintiff prays for relief as follows:

    That the jury find and the Court adjudge and decree that plaintiff Michael Kennedy shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
               June 15, 2011

               By:    *Ilissa Brownstein*
                      ILISSA BROWNSTEIN, ESQ.
                      Attorney for Plaintiff
                      22 Cortlandt Street
                      16th Floor
                      New York, NY 10007
                      (516) 286-5442